WILLIE HARPER V. THE STATE.

No. 19266. Delivered January 5, 1938.

The opinion states the case.

*W. R. Pohle* and *H. P. Talley*, both of El Paso, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State

KRUEGER, JUDGE.—Appellant was convicted of the offense of rape and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The testimony adduced by the State shows that on the night of March 28, 1937, appellant and Jimmie Christopher took two young Mexican girls from the city of El Paso to a point near an airport and there by force had sexual intercourse with them.

Appellant, while testifying in his own behalf, admitted that they took the girls out, and that he fondled Emma Vego, but insisted that he did not mistreat or have sexual intercourse with her.

His first contention is that the court erred in declining to sustain his motion for a peremptory instruction, because the evidence failed to show that the alleged offense, if committed, was committed in El Paso County. Emma Vego testified that appellant assaulted her near the airport and some short distance away from a main highway; that the next day she went with Mr. Chitwood and Mr. Dan Brungardt to that place and pointed it out to the officers. She further testified: "We took them to the same place where this occurrence happened the night before—we were sure of that being the place."

Mr. Brungardt testified that he was constable; that he went

with Mr. Chitwood and the two girls to the place where they claimed to have been assaulted; that said place was in El Paso County, that he was familiar with the limits of said county. Hence, it appears that the venue was sufficiently proved.

By bill of exceptions numbers two and three, appellant complains of the statement by the witness, Emma Vego, to the effect that Christopher was driving the car and that after she had been assaulted, she heard the other girl call for help, but was afraid to respond as appellant threatened to hit her again if she did so.

The record is replete with testimony showing a concerted action on the part of appellant and Christopher. It shows that they were acting together with a common intent and in pursuance of a previously formed design in which the minds of both united and concurred. Hence, there was no error in admitting said testimony.

By bills of exceptions numbers four and nine, appellant complains of the introduction in evidence of the clothing worn by prosecutrix at the time of the alleged offense. Some of the clothing was torn and had blood on it. Appellant objected to its introduction because it was not shown that the garments were the ones which prosecutrix was wearing at the time of the alleged offense, and because it was not shown that the stains on the clothing referred to as blood was in fact blood.

Prosecutrix identified the garments as those which she was wearing at the time of the assault and testified that they were turned over to the district attorney. Dr. Tappan, who examined her the morning after the occurrence, testified that the blood which was oozing from her private parts was not menstrual blood, but was coming from a tear in the vaginal wall. We think appellant's objections are without merit.

We have examined all of the other bills of exceptions in the record and reached the conclusion that they are without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.